

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,651-01

### EX PARTE NICHOLAS BLAIR WINFREY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1418021-A IN THE 182ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to forty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. Winfrey v. State, No. 14-16-00364-CR (Tex. App. — Houston [14th Dist.] Sept. 12, 2017) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied due process because the State failed to disclose to the defense the existence of an agreement with Applicant's co-defendant Marquisha Lewis in exchange for her testimony against Applicant, and because the State presented and failed to correct Lewis's false testimony at trial indicating that no such agreement existed. Applicant has alleged facts that,

if true, might entitle to relief. *Giglio v. United States*, 405 U.S. 150, 155 (1972); *Napue v. Illinois*, 360 U.S. 264, 269-70 (1959). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the trial prosecutor and defense counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether there existed any agreement between the State and Marquisha Lewis in exchange for her testimony at Applicant's trial, and if so, whether the existence of such an agreement was disclosed to the defense prior to trial. If any such agreement did exist, the trial court shall make findings of fact and conclusions of law as to whether Lewis testified falsely at trial that she had no agreement or expectation of favorable treatment in exchange for her testimony, and whether the State sought to correct any such testimony. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: September 23, 2020
Do not publish